**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Aaron Moore, | No. CV-18-08221-PCT-DLR (MTM) |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Hickey, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Reconsideration (doc. 84), filed November 30, 2020. Plaintiff moves for this Court to reconsider its November 20, 2020 Order (doc. 83) denying Plaintiff's Motion for Declaratory Judgment (doc. 82) and Motion to Vacate the evidentiary hearing currently scheduled for December 18, 2020 (*Id.*) Plaintiff argues that this Court should have issued a declaratory judgment holding that the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. §1997e *et. seq.*, ("PLRA") does not apply to cases alleging sexual abuse or violations of the Prison Rape Elimination Act, 34 U.S.C. § 30301 *et. seq.*, ("PREA").[1] For the reasons explained below, the Court declines to reconsider its November 20, 2020 Order and denies the motion.

**I.     Motion for Reconsideration.**

Plaintiff's argues the Motion for Reconsideration that the Court's November 20, 2020 Order was fundamentally flawed in its analysis of the PLRA's exhaustion

---

[1] The PREA was originally codified at 42 U.S.C. §§ 15601-15609. However, the PREA's provisions were transferred to 34 U.S.C. §§ 30301-30309 as of September 1, 2017.

requirement. Plaintiff states that the Court erred because the PREA, and regulations promulgated under the PREA's ambit, exempt suits alleging sexual abuse in prison from the PLRA's exhaustion requirement. (Doc. 84 at 1). Plaintiff also argues that the National Prison Rape Elimination Commission's ("NPREC") 2009 Report contains a standard that establishes that inmate claims of sexual abuse that implicate PREA are considered exhausted within forty-eight (48) hours of notifying a correctional facility staff member. (*Id*. at 1-2). Finally, Plaintiff argues that argues that a prisoner is not required to exhaust administrative remedies if those remedies are effectively unavailable, and that the Court should have issued a declaratory judgment confirming that Plaintiff did not have administrative remedies that were effectively available. (*Id*. at 3, citing *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776 (9th Cir. 2018)).

**II. Analysis.**

    **A. Legal Standard for Motion for Reconsideration.**

In the District of Arizona, motions for reconsideration are governed by Rule 7.2(g) of the Local Rules of Civil Procedure. Generally, motions for reconsideration are disfavored, and should be granted "only upon a showing of manifest error" or "new facts or legal authority that could not have been raised earlier with reasonable diligence." *Yount v. Salazar*, 933 F. Supp. 2d 1215, 1236 (D. Ariz. 2013). As the Motion for Reconsideration primarily argues that the Court's legal analysis of Plaintiff's Motion for Declaratory Judgment was deficient, the Court focuses primarily on whether Plaintiff has demonstrated that November 20, 2020 Order was manifestly erroneous.

    **B. PLRA Exhaustion and PREA Claims.**

The Court declines to reconsider its November 20, 2020 Order. Exhaustion of administrative remedies is mandatory under the PLRA before a prisoner can file a civil rights action in federal court. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). The Supreme Court re-affirmed the central holding of *Porter* after the 2003 enactment of PREA. *See Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006).

Several courts in this circuit have rejected the contention that invoking the PREA[2] exempts a claim from the exhaustion requirement explained in *Porter* and *Woodford*. *Porter v. Howard*, 531 F. Appx. 792, 793 (9th Cir. 2013) ("Porter provides no support for his contention that he was excused from the requirement that he file an administrative grievance by operation of [PREA]."); *Farmer v. Otter*, No. 14-CV-00345-BLW, 2015 WL 5595497 at *5 (D. Idaho Sept. 22, 2015) ("Finally, many courts have held that the PREA's reporting requirements do not supersede the PLRA's exhaustion requirements.") (collecting cases); *Myers v. Grubb*, No. CV-12-29-H-DLC, 2013 WL 352194 at *1 (D. Mont. Jan. 29, 2013) ("The [PREA] does not impose a different administrative remedy scheme or supersede PLRA's requirement that a prisoner exhaust all available administrative remedies before filing suit.") Plaintiff does not point to precedential authority that suggests otherwise. Accordingly, because the Court concludes that the legal conclusion reached in the November 20, 2020 Order is correct, Plaintiff has not demonstrated "manifest error" sufficient to warrant reconsideration.[3]

### C.   Plaintiff's Arguments.

Plaintiff's arguments to the contrary are unavailing. Plaintiff argues that the Department of Justice's regulations promulgated on August 20, 2012 establish that Plaintiff was not required as a matter of law to exhaust administrative remedies before proceeding with this action. (Doc. 84 at 1). According to Plaintiff, this is because there is no time limitation as to when a prisoner can submit a grievance regarding an allegation of sexual abuse. (*Id*. at 2, citing 28 C.F.R. § 115.52(b)(1)). Plaintiff concludes that if there is no time

---

[2] The PREA itself does not confer a private right of action. *Grindling v. Diana*, No. 16-00424 ACK-KJM, 2016 WL 6080825 at *3 (D. Haw. Sept. 12, 2016) ("Plaintiff appears to allege that Defendants violated his civil rights under the PREA. This claim fails because there is no private cause of action available to Plaintiff under the PREA."). However, Plaintiff claims only that the PREA exempts the First Amended Complaint (doc. 10) from the PLRA's exhaustion requirement, not that the PREA confers a right of action.

[3] In a reported decision from the Western District of New York, the court also concluded that the PREA does not exempt certain claims from the PLRA's exhaustion requirement. *Omaro v. Annucci*, 68 F. Supp. 3d 359, 364 (W.D.N.Y. 2014) ("Nothing in the text or legislative history of the PREA suggests that it was intended to abrogate the PLRA's exhaustion requirement.").

limit to file a grievance regarding an allegation of sexual abuse, then there can be no requirement that Plaintiff exhaust administrative remedies beforehand. (*Id.*)

As a threshold matter, a regulation promulgated by a federal agency cannot supersede a federal law enacted by Congress. *Wheeler v. Premiere Credit of North America, LLC*, 80 F. Supp. 3d 1108, 1114 (S.D. Cal. 2015), citing *United States v. Maes*, 546 F.3d 1066, 1068 (9th Cir. 2008) ("A regulation does not trump an otherwise applicable statute unless the regulation's enabling statute so provides."). Nothing in the text of the PREA evinces an intent to exempt prison civil rights actions involving sexual abuse from the PLRA's express command that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, nothing in the applicable[4] regulation governing exhaustion of administrative remedies—28 C.F.R. § 115.52—suggests that exhaustion of administrative remedies is not required when remedies are available. The Court will not read an exemption from the PLRA into the PREA, and cannot read an exemption from the PLRA into the Department of Justice's regulations.

Further, Plaintiff's conclusion that exhaustion of administrative remedies is not required because federal regulations prohibit establishing a time limit to submit a grievance alleging sexual abuse is flawed. 28 C.F.R. § 115.52(b)(1) states that a correctional agency cannot impose a time limit on when an inmate must submit a grievance alleging sexual abuse. All that means is that an inmate cannot be denied the grievance procedure if the inmate waits to formally grieve sexual abuse, whether that wait is thirty (30) days, thirty (30) weeks, or even thirty (30) years. That does not mean that the inmate may immediately proceed to federal court to file a civil rights action instead. The more natural reading of the regulation is that the grievance process can begin at any point after the incident, but that it must be completed before the inmate can proceed to federal court, as the PLRA requires.

---

[4] Plaintiff also cites to 28 C.F.R. § 115.252 and 28 C.F.R. § 115.352. (Doc. 84 at 2). However, these regulations govern exhaustion of administrative remedies in Community Confinement Facilities and Juvenile Facilities, respectively, and are not applicable to the correctional facility where Plaintiff is confined.

Next, Plaintiff cites to the NPREC Report's standard that prisons should deem administrative remedies exhausted within forty-eight (48) hours of the report of a prison rape if "a prisoner is in immediate danger and only a court order will provide protection." (Doc. 84 at 1-2, citing Nat'l Prison Rape Elim. Comm'n, National Prison Rape Elimination Commission Report (2009) at 95.) However, 34 U.S.C. § 30306—the section of the PREA creating the NPREC—makes clear that the NPREC's task was to create "*recommended* national standards for reducing prison rape." 34 U.S.C. § 30306(d)(3)(B)(ii). The statute does not empower the NPREC to create mandatory standards, and the forty-eight hour requirement is nowhere to be found in the Department of Justice's promulgated regulations.

Finally, Plaintiff argues that under *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776 (9th Cir. 2018), exhaustion of administrative remedies is not required when there is sufficient evidence to demonstrate that the administrative remedy system is "effectively unavailable." (Doc. 84 at 3). However, even though *Rodriguez* does state that "a prisoner is excused from the exhaustion requirement in circumstances where administrative remedies are effectively unavailable, including circumstances in which a prisoner has reason to fear retaliation for reporting an incident," *id*. at 792, that passage from the Ninth Circuit's opinion does not *categorically* exclude claims from the PLRA's exhaustion requirement. The "effectively unavailable" exception is a highly fact-dependent inquiry that does not entitle Plaintiff to a declaratory judgment holding that the PLRA exhaustion requirement does not apply. Rather, this is precisely the issue the evidentiary hearing is meant to address, and Plaintiff will be given the opportunity to demonstrate that administrative remedies were not, in fact, available.

The remainder of the Motion for Reconsideration presents a number of policy reasons why the PLRA should be revised or repealed in its entirety, and the negative consequences Plaintiff argues stem from the PLRA. (Doc. 84 at 5-7). None of these arguments give the Court liberty to ignore the statutes duly enacted by Congress, and they do not show the Court's November 20, 2020 Order erroneously applied the law.

**III.   Conclusion.**

Plaintiff has not made a sufficient showing of "manifest error" to warrant reconsideration of the Court's November 20, 2020 Order. Accordingly, the Motion for Reconsideration is denied, and the evidentiary hearing as to exhaustion set for December 18, 2020 will proceed as scheduled. The Court reminds Defendants of their obligation to submit a Notice of Compliance to this Court beforehand indicating that all necessary video and audio arrangements to facilitate the hearing have been made, and must also provide a brief description of the witnesses who will testify, as well as their expected testimony.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (doc. 84) is **denied**.

Dated this 2nd day of December, 2020.

Honorable Michael T. Morrissey
United States Magistrate Judge